IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLAYTON SULLIVAN,

        Plaintiff,                    No. CIV S-09-0509 GGH P

    vs.

SOLANO COUNTY JAIL, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1   The complaint states a colorable claim for relief against defendants Marsh and Lin
2   pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
3       Also named as a defendant is Solano County. The only claim against this
4   defendant appears to be that if an indigent inmate, like plaintiff, has heartburn or a headache, he
5   has to fill out a sick call slip in order to receive ibuprofen or antacid. Plaintiff alleges that it can
6   take days to receive these basic medications. The court construes this claim as an Eighth
7   Amendment claim.
8       Plaintiff does not allege that he, himself, has been denied timely access to
9   ibuprofen or antacid. Nor does plaintiff allege the type of illness that he required these
10  medications for. For example, it is unclear whether plaintiff suffered from a garden-variety
11  headache or a migraine headache. In addition, plaintiff does not allege whether he suffered from
12  regular heartburn or a more serious illness. In addition, plaintiff does not allege for how long he
13  was required to wait for these medications and how often he has been required to wait.
14      A litigant demonstrates standing by showing that he or she has suffered an injury
15  in fact that is fairly traceable to the challenged action and is redressable by a favorable judicial
16  decision. Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003,
17  1017 (1998). To demonstrate constitutional standing, a plaintiff must prove (1) that he or she
18  suffered an injury in fact; (2) the existence of a causal connection specifically traceable to the
19  unconstitutional conduct of defendants; and (3) the likelihood that a favorable outcome will
20  redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992).
21      Because plaintiff does not allege that he, personally, suffered an injury as a result
22  of the challenged policy, the court does not find that he has stated a colorable claim against
23  defendant Solano County. In addition, the court cannot find that plaintiff has stated a colorable
24  claim because of his failure to describe the nature and extent as well as the frequency of the
25  injury he suffered.
26  /////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Solano County Sheriff filed concurrently herewith.

3. Plaintiff's claims against defendant Solano County are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

1     4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: March 5, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

sull509.b